JACOB BOOK, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 1, 1897.

Cost: TENDER OF JUDGMENT: PREMATURE MOTION TO TAX COST.   Plaintiff sued for damages.   Defendant offered to let judgment go for a given amount.   On a trial plaintiff recovered less than the tender and appealed.   Defendant moved to tax the cost against the plaintiff. *Held*, the motion was premature until the final judgment was entered for the plaintiff after the appeal is determined.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Spencer & Mosman* for appellant.

The court committed error in overruling defendant's motion to tax all costs accruing subsequent to the Saturday before the August term, against the plaintiff.   The proof showed a good and sufficient tender or offer to permit judgment to be rendered against the defendant, and that the same had been personally served on the plaintiff.   Every requirement of the statute was shown to have been complied with, and the defendant's motion should have been sustained.   *Tuppery v. Hurting*, 46 Mo. 135.

*John Kennish* and *T. C. Dungan* for respondent.

Appellant is not entitled to file his motion to tax costs, under section 2191, and have a hearing and judgment thereon, in the circuit court, until the said cause is finally determined, and plaintiff has failed to obtain a more favorable judgment than the one offered. Plaintiff having appealed the case on the merits, from the judgment rendered by the circuit court, and said cause being still pending and undetermined on such appeal in this court, the filing of said motion and the judgment thereon is premature.

ELLISON, J.—This appeal is from an order and judgment of the circuit court refusing to tax the costs in the cause against the plaintiff. It appears that plaintiff sued defendant for damages in the sum of $1,900 on account of being ejected from one of defendant's trains. The defendant made a written offer to plaintiff under section 2191, Revised Statutes 1889, to permit judgment to go against it for $150. The judgment which plaintiff afterward obtained was for less than that sum. Whereupon defendant filed the motion now before us asking that the costs accruing after making the offer be taxed against plaintiff. It appears that upon the finding and judgment for plaintiff as aforesaid he took his appeal from said judgment, and the same is now pending undetermined in this court.

We therefore hold defendant's motion to have been prematurely made. The statute provides that if after making the offer of judgment "the plaintiff fails to obtain a more favorable judgment, he shall pay the defendant's costs from the time of the offer." Since plaintiff has appealed from the judgment which was less favorable than that offered him by defendant and that appeal is pending, it can not be known but that

he will yet recover a judgment more favorable than the offer. The test is not yet complete in that respect. The statute means that the judgment which the party receiving the offer obtains must be the judgment which finally determines the amount of plaintiff's recovery.

It is contended by plaintiff that the notice of offer of judgment was not such as is required by statute. The foregoing view makes it unnecessary to pass on the point. Affirmed. All concur.